JS-6

| | | |
|---|---|---|
| | **UNITED STATES DISTRICT COURT** | Priority ___ |
| | **CENTRAL DISTRICT OF CALIFORNIA** | Send ___ |
| | | Enter ___ |
| | **CIVIL MINUTES - GENERAL** | Closed ___ |
| | | JS-5/JS-6 ___ |
| | | Scan Only ___ |

**CASE NO.:** CV 15-01400 SJO (ASx)       **DATE:** April 14, 2015

**TITLE:**   CN Southern Properties & Investments, Inc. v. Evangelina Carrillo

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                         Not Present
Courtroom Clerk                                          Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**        **COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present                                              Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT** [Docket No. 9]

This matter is before the Court on Plaintiff CN Southern Properties & Investment's ("Plaintiff") Motion to Remand to State Court ("Motion"). Defendant Evangelina Carillo ("Defendant") has not filed an opposition. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for April 13, 2015. *See* Fed. R. Civ. P. 78(b). For the following reasons, Plaintiff's Motion is **GRANTED**.

I.      FACTUAL AND PROCEDURAL BACKGROUND

On January 6, 2015, Plaintiff initiated this unlawful detainer action in the Superior Court of California Los Angeles County. (*See generally* Request for Judicial Notice in Support of Motion ("RJN"), Ex. 2 ("Compl."), ECF No. 9-4.) Plaintiff alleged that Defendant remained in unlawful possession of the property located at 1211 S. Wilson Drive, West Covina, CA 91791 (the "Property") after being served with a 3-day notice to quit. (Compl. ¶ 10.) Defendant was personally served with a copy of the Summons and Complaint by the Los Angeles County Sheriff's Department on January 23, 2015. (*See* RJN, Ex. 9. ("Proof of Service"), ECF No. 9-11.) On March 2, 2015, the parties executed a stipulation and judgment agreeing that Defendant was to pay Plaintiff $1700 in holdover damages and to vacate the Property by April 30, 2015. (*See* RJN, Ex. 6 ("Stipulation"), ECF No. 9-8.) The stipulation was entered into judgment by Judge Gus Gomez. (*See* RJN, Ex. 7 ("Judgment"), ECF No. 9-9.) On February 26, 2015, Defendant filed the Notice of Removal. (Notice of Removal, ECF No. 1.) On March 12, 2015, Plaintiff filed the instant Motion. (Motion, ECF No. 9.)

II.     DISCUSSION

Procedure for removal is governed by 28 U.S.C. section 1446 which provides that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 15-01400 SJO (ASx)                DATE: April 14, 2015

> "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

28 U.S.C. § 1446(a).

> "The notice of removal of a civil action or proceeding shall be filed within **30 days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

28 U.S.C. § 1446(b)(1) (emphasis added).

Here, Defendant was personally served with the Summons and Complaint by the Los Angeles County Sheriff's Department, on January 23, 2015. (*See* RJN, Ex. 9.) The Notice of Removal was filed on February 26, 2015, three days after the deadline. (*See* Notice of Removal, ECF No. 1.) Therefore, Defendant's Notice of Removal was filed untimely.

Additionally, Plaintiff argues that the Court does not have diversity jurisdiction because both Plaintiff and Defendant are citizens of California. Diversity jurisdiction requires: (1) complete diversity, so that each plaintiff is a citizen of a different state from each defendant; and (2) an amount in controversy exceeding $75,000. See 28 U.S.C. § 1332(a); *see also Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981). For purposes of diversity, corporations are citizens of their state of incorporation and the state in which they have their principal place of business, 28 U.S.C. § 1332(c), individuals are citizens of their state of domicile, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), and limited liability companies share the citizenship of their members, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Here, Defendants baldly assert, without any supporting evidence, that there is complete diversity of citizenship between the parties because Salazar is a resident of California while Plaintiff is incorporated in a state "other than California" and therefore is not a citizen of California. (Notice ¶ 6.) Defendants also allege, again without support, that the amount in controversy more likely than not exceeds $75,000 "based on Plaintiff's claims, [its] alleged injuries and the recovery sought." (Notice ¶ 10.) Neither allegation is supported by the Complaint nor by the Notice of Removal. In the Complaint, Plaintiff admits to being a California corporation, (Compl. ¶ 1), and

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:** <u>CV 15-01400 SJO (ASx)</u> | **DATE:** <u>April 14, 2015</u> |

in the Notice of Removal, Defendant admits to being a citizen of California, (Notice ¶ 6). Therefore, the parties lack complete diversity.

Defendants also allege that the amount in controversy exceeds $75,000 because the value of the Property is valued at over $75,000. (Notice ¶¶ 4,8.) This allegation is not supported by the Complaint. Plaintiff sought damages in the amount of $30 per day which was the reasonable value for use of the property. (Compl. ¶ 13.) This amounts to $10,950 per year, and the It is Plaintiff, not Defendants, who determines the amount in controversy. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[T]he sum claimed by the plaintiff controls"). For the aforementioned reasons, Defendants have failed to establish either complete diversity or a sufficient amount in controversy for the purpose of evoking diversity jurisdiction. *See Gaus*, 980 F.2d at 566; 28 U.S.C. § 1332(a).

Plaintiff's Motion to Remand Case to Los Angeles Superior Court is **GRANTED**.

IT IS SO ORDERED.